[Cite as *State v. Milton*, 2022-Ohio-4393.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

    v.                                    :

ALEXANDER J. MILTON,          :

    Defendant-Appellant.      :

No. 111460

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654570-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anna Faraglia, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Alexander Milton, appeals his indefinite felony sentence imposed under the Reagan Tokes Law, as enacted through S.B. 201. We affirm.

{¶ 2} Milton pled guilty to involuntary manslaughter in violation of R.C. 2903.04(A), a qualifying felony of the first degree, with a 54-month firearm specification, and two third-degree felonies — tampering with evidence in violation of R.C. 2921.12(A)(1) and having weapons while under disability in violation of R.C. 2923.13(A)(2). At the plea hearing, Milton confirmed to the trial court that he understood he would be sentenced to an indefinite term of imprisonment regarding the involuntary manslaughter count.

{¶ 3} At sentencing, the court imposed an indefinite prison term pursuant to the Reagan Tokes Law of 8 to 12 years on the involuntary manslaughter charge and a mandatory 54-month term on the accompanying firearm specification, and concurrent terms of 18 months on the third-degree felonies, to be served consecutive to the prison term on the involuntary manslaughter charge, for a minimum prison term of 14 years and a maximum term of 18 years. Trial counsel objected on constitutional grounds to the imposition of any Reagan Tokes sentence.

{¶ 4} In his single assignment of error, Milton contends that "the trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201." He contends that the Reagan Tokes Law is unconstitutional because it violates his constitutional right to a jury trial, the separation-of-powers doctrine, and his due process rights.

{¶ 5} Milton's arguments are identical to those presented and overruled in the en banc proceedings in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, wherein this court determined that the Reagan Tokes Law is

constitutional and enforceable. Accordingly, Milton's challenges to the law are likewise overruled. The indefinite sentence imposed by the trial court under the Reagan Tokes Law was not a violation of Milton's constitutional rights and his convictions are affirmed.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see Delvallie* (Forbes, J., dissenting).